IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THEODORE L. WHIDDEN,

     Plaintiff,

v.                                CASE NO. 5:17-cv-169-RH-GRJ

JACKSON COUNTY, FLORIDA, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is ECF No. 10, Plaintiff's second amended complaint under 42 U.S.C. § 1983 ("Complaint"). Plaintiff, a *pro se* non-prisoner litigant paid the $400 filing fee upon filing his original complaint. (ECF No. 1.)  Petitioner's first two complaints, however, were not on the court-approved form and were deficient for multiple reasons, including failing to state what each Defendant did, or did not do, with regard to Plaintiff's numerous claims and for failing to allege how the posting of a wanted poster violates the long list of federal statutes and constitutional amendments Plaintiff referenced in his complaint. (ECF Nos. 1, 4, 6, 7.) Plaintiff then filed the pending second amended complaint.

Plaintiff brings claims against nine Defendants, including Guy Green, Plaintiff's public defender[1]; two county clerks or building managers; and six employees of the Jackson County Sheriff's Office. Plaintiff's Complaint centers around the alleged unlawful posting of a "wanted poster" in the foyer of the Jackson County Courthouse. What he describes as a "wanted poster" consisted of his booking photograph from the county jail long after the alleged frivolous charges in the case were dismissed. Plaintiff says that this poster subjected Plaintiff to defamation and openly intimidated him from entering the courthouse. Plaintiff also says that the alleged unlawful posting was at a minimum malicious prosecution, abuse of process, a violation of due process, and cruel and unusual punishment.

More specifically, as a result of this posting of the wanted poster Plaintiff says Defendants conspired and violated his federal due process and equal protection rights under 42 U.S.C. §§ 1983, 1985, and 1986, violated his state due process rights under the Florida Constitution, engaged in malicious prosecution, were negligent, recklessly endangered

---

[1] While it is unclear how Plaintiff's public defender could be responsible for the posting of a "wanted poster" in the county courthouse, Plaintiff is advised that when performing the necessary functions of defense counsel in a criminal proceeding, a public defender is not acting under color of state law and therefore is not liable under § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 324–25 (1981).

Plaintiff, intentionally and negligently inflicted emotional distress upon Plaintiff, tortiously interfered with Plaintiff's business relationships, committed willful blindness, trespassed, inflicted cruel and unusual punishment on Plaintiff, abused process, and defamed him. As relief, he seeks judgment in his favor, a broad-based RICO lien, compensatory damages, attorney's fees, punitive damages, a permanent injunction, a cease and desist order regarding ongoing aggression, an order that all other parties be required to obtain their own legal counsel, and the right to amend, to have electronics in court, and to record proceedings.

The Court has screened Plaintiff's Complaint and concludes that the Complaint should be dismissed for failure to state a claim on which relief may be granted and for lack of jurisdiction. As an initial matter, despite advising Plaintiff of various deficiencies pertaining to his original complaint and affording him an opportunity to amend, the instant Complaint presents many of the same deficiencies, including most notably that Plaintiff has failed to allege how the posting of a "wanted poster" violates the list of federal statutes or constitutional amendments Plaintiff references in his complaint.

Additionally, like in his original complaint, Plaintiff again failed to

adequately state how each Defendant was involved and what each Defendant did, or did not do, with regard to each of his claims. Plaintiff brings nineteen claims against Defendants, and every claim except for one is asserted against "All Defendants," without providing any detail as to the specific conduct of each individual Defendant. Instead, Plaintiff presents five pages of factual allegations, many of which are conclusory or appear to be wholly unrelated to any of the named Defendants, and then brings each claim against all Defendants based on the "allegations contained by reference contained in the 5 pages allowed in this filing."

This type of pleading is a shotgun pleading, which is disfavored in the Eleventh Circuit. *See generally Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320–23 (11th Cir. 2015) (discussing the different types of shotgun pleadings). The Court is therefore unable to discern which factual allegations support which claims, and which factual allegations link each Defendant to each claim.

Yet even if Plaintiff had provided more specific details as to the conduct of every Defendant, Plaintiff has still failed to state a federal claim for which the Court can grant relief. Although Plaintiff has listed many constitutional amendments and federal statutes that he alleges Defendants

violated, Plaintiff has failed to allege the conduct of each Defendant, which Plaintiff says actually violated these rights. A conclusory list of constitutional amendments and a generic recitation of case law or description of the statutes underlying the alleged violations are insufficient to state a claim. Despite Plaintiff's argument that the posting of his booking photograph constitutes cruel and unusual punishment and violates his right to due process and equal protection, among other rights, Plaintiff simply has not—and cannot—show that Defendants violated any of his federal statutory or constitutional rights.

Plaintiff has also failed to state a state law claim for which the Court can grant relief. Under state law, Plaintiff's factual allegation that Defendants unlawfully posted a "wanted poster" of him could most believably constitute a defamation claim. "Defamation encompasses both libel and slander . . . . Slander is ordinarily confined to defamatory spoken words, whereas libel pertains to defamatory written statements." Under Florida law, a claim for defamation requires that (1) the defendant published a false statement, (2) about the plaintiff, (3) to a third party, and (4) that the falsity of the statement caused injury to the plaintiff." *Bass v. Rivera*, 826 So. 2d 534, 535 (Fla. Dist. Ct. App. 2002); *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1378 & n.11 (S.D. Fla. 2006).

Based on the facts alleged in the Complaint, Plaintiff has failed to allege that any of the Defendants published a false statement about Plaintiff to a third party that caused him injury. Plaintiff merely states that Defendants posted his booking photograph from the county jail. While Plaintiff alleges that he was not guilty of the crime for which he was arrested, Plaintiff does not deny that he was detained in the county jail or that the photograph posted was not a picture of him. Although the poster allegedly stated "detainee photo," this statement does not necessarily represent a false statement that Plaintiff remained detained or that he would be detained in the future. And with regard to any statements Defendants may have spoken about Plaintiff, Plaintiff has failed to state what Defendants said or how it was false. Plaintiff has, therefore, failed to satisfy the first element of defamation because he has not alleged that Defendants published a *false* statement. Accordingly, Plaintiff has failed to state a claim for defamation.

Plaintiff's other state law claims, such as for malicious prosecution, negligent and intentional infliction of emotional distress, tortious interference with a business relationship, and negligence, are also unsupported by the facts alleged. Even if Plaintiff's case was terminated in his favor, the Defendants posting Plaintiff's booking photograph in the

courthouse does not show that Defendants were responsible for any malicious prosecution. Additionally, the posting or any of the alleged harm as a result of the posting does not rise to the level of conduct that would form the basis for a claim of negligent or intentional infliction of emotional distress.

Plaintiff has also failed to adequately state that Defendants were aware of any business relationships of Plaintiff and that the posting of the booking photograph actually interfered with any of these relationships. And Plaintiff has failed to state what duty Defendants owed him so as to support any claim for negligence. Based on the facts alleged, Plaintiff has failed to state a claim that Defendants violated any state law rights.

Moreover, even if Plaintiff had managed to allege sufficient facts to adequately state a claim that Defendants violated any state laws, the Court lacks subject matter jurisdiction over these claims. Federal jurisdiction over state law claims requires either (1) the existence of original jurisdiction pursuant to 28 U.S.C. § 1331, or (2) diversity of citizenship under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of

the same case or controversy.").

Plaintiff, however, has failed to demonstrate that the Court has jurisdiction over his claims. First, as discussed above, Plaintiff has failed to plausibly state a federal claim that would provide this Court with original jurisdiction because he has not adequately stated a claim that Defendants violated any of his federal constitutional or statutory rights. Without original jurisdiction over any federal claims, Plaintiff has failed to show that the Court has supplemental jurisdiction over any related state law claims.

Second, Plaintiff has not demonstrated that this Court has subject matter jurisdiction over his state law claims based on diversity jurisdiction. *See* § 1332(a) (providing that the matter in controversy must exceed $75,000 and be between citizens of different states). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Flintlock Const. Servs. LLC v. Well Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013). According to the Complaint, Plaintiff and every Defendant live in Florida, and thus are presumptively citizens of Florida. Thus, Plaintiff has failed to demonstrate that the Court has diversity jurisdiction over Plaintiff's state law claims. *See Simpson v. Fender*, 445 F. App'x 268, 270 (11th Cir. 2011) (the party invoking the court's jurisdiction bears the burden of proving it exists).

Because Plaintiff's factual allegations do not—and cannot—support a claim that Defendants violated any of Plaintiff's federal statutory or constitutional rights and because Plaintiff has failed to show that the Court would have jurisdiction over any state law claims, if he could even state such a claim, the Court finds that any additional amendment to his Complaint would be futile. Plaintiff's Complaint therefore should be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that:

Plaintiff's amended complaint, ECF No. 10, should be **DISMISSED**, and the case closed.

**IN CHAMBERS** this 30th day of October 2017.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**